## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1195 | **DATE** | April 30, 2008 |
| **CASE TITLE** | Reginald Brewer (#2007-0062617) v. Jennifer Harris, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [8] is granted as to his amended complaint [6]. The Court authorizes Cook County Jail officials to deduct $ 10.00 from Plaintiff's account. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. The Clerk shall issue summonses as to the amended complaint [6] and attach a Magistrate Judge Consent Form to the summons for each defendant, and send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's second motion for leave to file *in forma pauperis* [9] is denied as duplicative. Plaintiff's motion for appointment of counsel [7] is denied without prejudice. Defendant City Chicago Police 6th District is dismissed from this action and is terminated as a defendant.

■ [For further details see text below.]                                                               Docketing to mail notices.

### STATEMENT

Plaintiff Reginald Brewer is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify state correctional authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to a state correctional facility.

Plaintiff alleges that defendants Harris and Habiak unlawfully arrested him and searched his truck. He has also named the City of Chicago Police 6th District as a defendant. A police department is not a suable entity. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *Gray v. City of Chicago*, 159 F. Supp.2d 1086, 1089 (N.D. Ill. 2001). The City of Chicago Police 6th District is accordingly dismissed from this action and is terminated as a defendant.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

    The United States Marshal is appointed to serve defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former police officer who can no longer be found at the work address provided by Plaintiff, the City of Chicago Legal Department shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

    Plaintiff has also moved for appointment of counsel. Based on the allegations in Plaintiff's complaint, it appears likely that he is challenging a search and arrest that led to the criminal charges against him that have caused him to be detained at the Cook County Jail pending trial. Though it is perfectly appropriate for Plaintiff to file this suit while the criminal charges are pending, the odds are that the Court will be required to stay this suit pending the disposition of the criminal case. *See Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995) (stay of § 1983 civil rights damages claim for Fourth Amendment violations while criminal proceedings were pending was appropriate). Because a stay is likely, the Court sees no need to appoint counsel at this time. Once the criminal case is concluded, or if defendants do not seek a stay of this case when they respond to the complaint, the Court will revisit the issue of appointment of counsel.